IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CELIA LOPEZ DE GUILLEN,**<br><br>Plaintiff,<br><br>vs.<br><br>**ANDREW M. SAUL, Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2: 19-cv-00343-DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff Celia Lopez De Guillen (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on February 19, 2020 (ECF No. 22, ECF No. 23), the undersigned concludes that the Commissioner's decision is legally sound and supported by substantial evidence and is therefore AFFIRMED.[1]

## I.   STANDARD OF REVIEW

The Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 13.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted).

The Court's inquiry, "is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157. The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). Under this deferential standard of review, the Court must affirm the ALJ's decision where it is supported by substantial evidence, even if there is also evidence of record that could support a different outcome. *Id.*

## II. BACKGROUND

Plaintiff applied for benefits in December 2015, alleging disability beginning November 2015, due to osteoarthritis in both knees and her right hand; diabetes; and back pain (Certified Administrative Transcript (Tr.) 431, 470-74). She had past relevant work as a packager/handler (Tr. 21).

In June 2018, after a hearing (Tr. 281-303), the administrative law judge (ALJ) issued a decision finding Plaintiff was not disabled (Tr. 14-22). The five-step sequential evaluation for assessing disability directs the ALJ to consider: 1) whether the claimant is currently working; 2) if the claimant has a severe impairment; 3) if the impairment(s) meet or medically equal an impairment listed in Appendix 1; 4) if the impairment(s) prevent the claimant from doing past relevant work; and 5) if the impairment(s) prevent the claimant from doing any other work

2

existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). Here, at step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis in both knees and her right hand, and diabetes (Tr. 16). *See* 20 C.F.R. § 404.1521. However, the ALJ found that Plaintiff's severe impairments did not meet or medically equal the severity of any of the listed impairments in Appendix 1 (Tr. 18). Between steps three and four, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work, with the following limitations: no overhead reaching or climbing ropes, ladders, and scaffolds; occasional balancing, stooping, kneeling, crouching, crawling, climbing ramps and stairs, and using foot pedals; and no exposure to industrial machinery and unprotected heights (Tr. 18). At step four, the ALJ determined that Plaintiff could perform her past relevant light work as a packager/handler (Tr. 21). Thus, the ALJ concluded that Plaintiff was not disabled under the Act (Tr. 22).

Thereafter, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a).[2] This appeal followed.

## III. DISCUSSION

On appeal, Plaintiff alleges that the ALJ erred as a matter of law when he assigned great weight to medical expert Arnold Ostrow, M.D.'s (Dr. Ostrow) opinion that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; could walk or stand six hours in an eight-hour workday; could occasionally use foot pedals; had occasional postural limitations; and could not climb ropes, ladders, and scaffolding or have exposure to moving machinery or unprotected

---

[2] Unless otherwise noted, Code of Federal Regulations (C.F.R.) citations are to the 2017 edition,

heights (ECF No. 17, Plaintiff's Brief (Pl. Br.) 13-19); (*see* Tr. 297). Plaintiff also argues that the ALJ should not have given great weight to the opinions of state agency physicians, Kathleen Tucker, M.D. (Dr. Tucker) and Lewis Barton, M.D (Dr. Barton), that Plaintiff could perform light work with postural limitations (Pl. Br. 9-12, 16), but that the ALJ should have instead given great weight to treating physician Carlyn Slack, M.D.'s (Dr. Slack) opinion (Pl. Br. 10-11, 16). Finally, Plaintiff contends that the ALJ erred at step four of the sequential evaluation process when he found that Plaintiff could perform her past relevant work as a packager-handler (Pl. Br. 22-25). The Court addresses each of the alleged errors in turn.

## A. The ALJ's RFC finding is supported by substantial evidence in the record

An individual's RFC represents the most she can do notwithstanding her functional limitations. 20 C.F.R. § 416.945(a)(1). When assessing a claimant's RFC, the ALJ considers the relevant evidence of record, including the claimant's statements about her symptoms and opinions from medical and non-medical sources. 20 C.F.R. § 404.1545(a)(1), 404.1527, 404.1529.

Here, the ALJ discussed the relevant evidence, evaluated the medical opinions, and reasonably found that Plaintiff's statements about disabling symptoms were inconsistent with the record as a whole (Tr. 14-22). In particular, the ALJ's RFC finding is supported by the opinions of Plaintiff's reviewing physicians, the reports of her treating specialist and, despite imaging showing osteoarthritis, physical examinations demonstrating that Plaintiff did not have disabling functional limitations. Because the ALJ's RFC finding is supported by substantial evidence, the Court affirms.

### 1. The ALJ explained his treatment of the medical opinions

---

which was in effect at the time of the ALJ's June 2017 decision.

Plaintiff complains that the ALJ should not have given great weight to Dr. Ostrow's opinion (Pl. Br. 13-19). Here, the ALJ considered Plaintiff's complaints regarding her hand and knee pain symptoms (Tr. 19). In doing so, the ALJ noted, however, that the objective evidence of record did not support Plaintiff's inability to use her hands or knees (Tr. 19). Specifically, while Plaintiff's April 2016 knee x-ray showed bone-on-bone sclerosis, an examination that same day showed that she had normal motor functions and full strength in her muscles, was able to fully squat and rise without assistance, had no swelling in her legs; a normal gait; normal but slow heel-, toe-, and tandem-walk; intact sensation; normal reflexes; full (5/5) strength in her legs; decreased flexion but otherwise full range of motion in her low back; a negative straight leg raise test; and no radicular pain in her legs (Tr. 20; *see* Tr. 583, 588-89). Further, in February 2018, Plaintiff still had a normal gait, no swelling in her legs (Tr. 683-84), and an x-ray showed advanced osteoarthritis with no evidence of acute osseous injury (Tr. 19; *see* Tr. 894).

Likewise, while Plaintiff's April 2016 x-ray of her hands showed joint space narrowing and osteoarthritis, an examination conducted on that same day showed that Plaintiff was able to handle a paper clip in each hand easily; approximate her fingers to the crease in her palms; had full (5/5) grip strength; and did not have radicular pain in her arms (Tr. 584-86, 590).

Based on this evidence, it was reasonable for the ALJ to give great weight to medical expert Dr. Ostrow's opinion that Plaintiff could perform light work, including walking or standing for six hours out of an eight-hour workday; and could fully use her hands to handle, finger, and reach (Tr. 21; *see* Tr. 297). *See* 20 C.F.R. § 404.1527(e)(2)(i) (state agency medical consultants "are highly qualified physicians . . . who are also experts in Social Security disability evaluation"); *see also Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008) (a non-examining physician is an acceptable medical source, whose opinion the ALJ is entitled to

5

consider). The ALJ explained that he gave this opinion great weight because it was consistent with the rest of the record, and because Dr. Ostrow had an opportunity to review all of the medical records (Tr. 21). *See* 20 C.F.R. §§ 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); 404.1527(c)(4) (an ALJ must consider consistency).

Dr. Ostrow supported his opinion by explaining that, although x-rays showed some evidence of impairment, he did "not see any clinical evidence to support the radiologic images" (Tr. 298). He further explained that radiologic images needed to correlate with clinical findings because a claimant could "have a horrible looking spine and have no symptoms." (Tr. 298). Dr. Ostrow's assertion is accurate as the focus of a disability determination is on the functional consequences of a condition, not simply the diagnosis. *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995). Notably, while Plaintiff's x-rays showed bone-on-bone sclerosis and osteoarthritis, examinations demonstrated that she had full use of her arms and legs (Tr. 583-86, 588-90, 683-84, 894).

Plaintiff further contends that the ALJ should have given more weight to opinions from state agency physicians Drs. Tucker and Barton and treating physician Dr. Slack (Pl. Br. 8-19). Yet, the Court finds that the ALJ adequately explained why he discounted those opinions (Tr. 20-21). Specifically, the ALJ states that he gave little weight to the opinions of Drs. Tucker and Barton because, unlike Dr. Ostrow, they did not have an opportunity to review all the medical evidence (Tr. 20). Further, after Drs. Tucker and Barton reviewed the record, Anne Kieryn, M.D. (Dr. Kieryn), observed that Plaintiff had no back pain, no joint pain, no joint swelling, no muscle weakness, no neck pain, and walked with a normal gait (Tr. 716-17). Further, Jose Esperanza, FNP, (Mr. Esperanza) observed that Plaintiff was not in distress, was

6

"well-appearing", and had a normal gait with no swelling in her legs (Tr. 683-84). Because later evidence supported Dr. Ostrow's findings rather than Dr. Tucker and Dr. Barton's findings, it was reasonable for the ALJ to give Dr. Ostrow's opinion more weight. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").

Likewise, the ALJ adequately explained that he gave little weight to Dr. Slack's opinion because Plaintiff was undergoing breast cancer treatment when Dr. Slack rendered her opinion, and Dr. Slack explicitly noted that the limitations she opined to were related to Plaintiff's breast cancer treatment (Tr. 602). Plaintiff's breast cancer treatment lasted less than 12 months, and Dr. Slack did not update her opinion after the treatment ended (Tr. 714 (breast cancer discovered June 2016), 87 (completed radiation before April 2017)). Because the impairment did not meet the regulatory durational requirement, it was reasonable for the ALJ not to rely on Dr. Slack's opinion. *See* 20 C.F.R. § 404.1509 (12-month duration requirement); *see also Kent v. Chater*, 74 F.3d 1249 (10th Cir. 1996) (when treating doctor opined that claimant was temporarily disabled, he subsequently underwent successful surgery, and the doctor did not update his opinion, the ALJ properly evaluated the treating doctor's opinion); *see also Danette D. K. v. Berryhill*, 17-CV-624-FHM, 2018 WL 6003867, at *3 (N.D. Okla. Nov. 15, 2018) (unpublished) (reasonable for ALJ to reject treating physician's opinion when it related to a temporary condition).

In this case, the ALJ adequately explained his treatment of the medical opinions and because there is substantial evidence to support the ALJ's findings, Plaintiff's claims fail. Plaintiff's arguments to the contrary seek a reweighing of the evidence, which the court may not

7

do. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2017) (on substantial evidence review, the court does not re-weigh the evidence or substitute its judgment for that of the Commissioner); *see also Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (a finding of "no substantial evidence" will be found only when there is a "conspicuous absence of credible choices" or "no contrary medical evidence"). Accordingly, the Court finds no error in the ALJ's assessment of the medical opinions in this matter.

## 2. The ALJ reasonably evaluated Plaintiff's symptoms

Plaintiff argues the ALJ did not properly consider the claim that her impairments limited her ability to reach, use her hands, stand, walk, and climb stairs (Pl. Br. 20-22; Tr. 19; *see* Tr. 293-94, 511). While agreeing that Plaintiff had functional limitations, the ALJ found that she was not so limited that she was unable to perform a reduced range of light work (Tr. 19). *See Allman v. Colvin,* 813 F.3d 1326, 1333 (10th Cir. 2016) (even where the record contained evidence of extreme limitations and limitations that were not so severe, the "ALJ was entitled to resolve such evidentiary conflicts and did so." (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). As discussed above, the record evidence demonstrates that Plaintiff had a normal gait and full grip strength (Tr. 583-86, 683-84, 716-17). Ultimately, this evidence belies her allegations that she could not use her hands and knees (Tr. 19-20). *See* 20 C.F.R. § 404.1529(c)(4) (an ALJ must consider whether there are conflicts between a claimant's statements and the signs and laboratory findings); *see also Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) (upholding an ALJ's credibility finding where, despite his complaints of pain, the claimant demonstrated a satisfactory range of motion for the joints in question).

Moreover, Dr. Ostrow's opinion supported the ALJ's finding that Plaintiff's allegations were not entirely reliable. As Dr. Ostrow noted, there was no clinical evidence to back up

8

Plaintiff's claims of disabling limitations resulting from knee and hand pain.

In sum, there is substantial evidence in the record to support the ALJ's assessment of an RFC allowing for Plaintiff to perform a reduced range of light work (Tr. 18). *See Poppa v. Astrue*, 569 F.3d 1167, 1170-71 (10th Cir. 2009) (the purpose of the symptom evaluation is to help the ALJ assess a claimant's RFC, the ALJ's symptom evaluation and RFC determinations are "inherently intertwined").

**B.     The ALJ's step four finding is supported by substantial evidence**

At the administrative hearing, a vocational expert testified that Plaintiff's past job as a packager/handler was actually performed in the light range of exertion, although the Dictionary of Occupational Titles (DOT) classified it as a medium job (Tr. 300). The vocational expert further testified that a hypothetical individual with the same RFC as Plaintiff could perform her past job as she actually performed it (Tr. 300-01). *See* 20 C.F.R. § 404.1560(b)(2) (a vocational expert may offer relevant evidence concerning the demands of the claimant's past relevant work as actually performed, and may testify in response to a hypothetical question about whether a person with the claimant's limitations can meet the demands of the claimant's past relevant work). If a claimant can still perform her past relevant work—either as it is actually or generally performed—then she is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ reasonably relied on this testimony, which constituted substantial evidence, to find that Plaintiff was not disabled because she could perform her past work as actually performed. *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990) (recognizing a vocational expert's testimony as substantial evidence supporting the ALJ's conclusion the claimant was not disabled).

Plaintiff contends that she described her packager/handler job as requiring "constant standing," citing to a work history report (Pl. Br. at 23). Yet, the work history report states that "standing", and not "constant standing", was required (Tr. 486). Plaintiff also notes that the

DOT classifies the packager/handler job as medium (Pl. Br. at 23; *see* DOT § 920.587-018). Plaintiff, however, does not set forth any specific argument regarding her contention that the job required constant standing or the DOT's classification of the job as medium. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (The court will not "sift through" the record to find support for the claimant's arguments); *see also United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error). In any event, agency regulations provide that a vocational expert may evaluate whether a claimant can do her past relevant work as generally or *actually* performed. 20 C.F.R. § 404.1560(a)(2) (emphasis added). And, based on Dr. Ostrow's opinion and the evidence of record, the ALJ found that Plaintiff could stand or walk six hours, which would allow her to do this job as she actually performed it (Tr. 18). *See* Social Security Ruling 83-10, 1983 WL 31251, at *5 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" . . . . "Sitting may occur intermittently during the remaining time."). As such, the Court finds that the ALJ's step-four analysis is supported by substantial evidence.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 5th day of March, 2020.

_____
DUSTIN B. PEAD
United States Magistrate Judge