IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CELIA LOPEZ DE GUILLEN,**<br><br>　Plaintiff,<br><br>　vs.<br><br>**ANDREW M. SAUL,**<br>**Commissioner of Social Security,**<br><br>　Defendant. | **MEMORANDUM DECISION &**<br>**ORDER**<br><br>Case No. 2: 19-cv-00343-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Celia Lopez De Guillen ("Plaintiff") motions this court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend its Memorandum Decision and Judgment entered on March 5, 2020. (ECF No. 26.) Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion. *See Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). As set forth below, the Court exercises its discretion and DENIES Defendant's Motion.[1]

## STANDARD OF REVIEW

Rule 59(e) provides both the parties and the Court with an opportunity to reconsider a judgment. Fed. R. Civ. P. 59(e). The Rule "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 450 (1982)

---

[1] It is within the discretion of the movant to file a reply memorandum. Here, Plaintiff has not done so and the time within which to file a reply memorandum has expired. DUCivR 7-1(3)(B).

(footnote omitted). The Tenth Circuit recognizes certain grounds for granting a Rule 59(e) motion. Specifically, a movant must show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). Under these standards, a motion is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants,* 204 F.3d at 1012; *see also Bao Ge v. Li Peng,* 201 F. Supp 2d. 14, 26 (D.D.C. 2001) (quotations and citation omitted) (59(e) motion granted "only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling.")).

A Rule 59(e) motion may not simply "[revisit], albeit in somewhat different forms, the same issues already addressed and dismissed by the court." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). As a result, courts routinely deny such motions where the movant "rehashes old arguments, attempts to re-argue an issue more persuasively that the court has already addressed, or where a movant tries to take the proverbial second bite at the apple." *Chidester v. Astrue*, 2010 U.S. Dist. LEXIS 41618 * 2 (D. Utah 2010) (*citing National Metal Finishing Co., Inc. v. Barclays American/Commercial Inc.,* 899 F.2d 119, 123 (1st Cir. 1999) (citing cases for the proposition that Rule 59(e) motions are routinely rejected where the movant "was rehashing old arguments already rejected by the trial court."); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (upholding denial of Rule 59(e) motion where motion "presented no arguments that had not already been raised.")).

## DISCUSSION

In her Opening Brief on appeal ("Opening Brief"), Plaintiff argued: (1) substantial evidence did not support the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") for "unlimited physical manipulative capacity" and standing for six or eight hours; (2) the ALJ should have given greater weight to treating physician Dr. Slack's opinion rather than medical expert Dr. Ostrow's opinion; (3) Plaintiff did not have the standing or manipulative capacity to handle her past job as she previously preformed it; and (4) the description of her past work was inaccurate. (ECF No. 17.) Upon review, Plaintiff's Motion to Alter Judgment sets forth nearly identical arguments. Thus, while claiming that the Court committed a "manifest error of law," Plaintiff simply revisits issues previously addressed and dismissed as part of the Court's March 5, 2020, Memorandum Decision and Order ("Decision"). (ECF No. 24.)

  **I.**  **Plaintiff Has Not Show A Misapprehension of Facts or Clear Error of Law.**

Plaintiff's 59(e) motion asserts the Court misapprehended her position on the "effect on the hearing-decision's evaluation of RFC and past relevant work" and erred when it did not "re-contact the treating physician nor adequately explain the weight given Dr. Slack." (ECF No. 26 at 2, 5.) Yet, as stated above, Plaintiff made identical arguments in her Opening Brief and it is inappropriate for this court to revisit those claims. Nonetheless, even considering the substance of Plaintiff's argument, the Court's Decision addressed the treatment of medical opinions and properly concluded that the ALJ's decision was supported by substantial evidence. In doing so, the Court noted that the physical examination findings did not support Plaintiff's inability to use her hands and knees and therefore it was appropriate for the ALJ to

give great weight to Dr. Ostrow's opinion that Plaintiff could perform light work without manipulative limitations. (*Id.* at 5-6.) The Court further explained that it was reasonable for the ALJ to give little weight to Dr. Slack's opinion because the limitations she opined were related to the Plaintiff's breast cancer treatment. (*Id.* at 7.)

Next, Plaintiff argues that the ALJ should have re-contacted her treating physician. (ECF No. 26 at 5.) While this specific argument was not previously raised, a Rule 59(e) motion is not an appropriate vehicle for "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed." *Van Skiver,* 952 F.2d at 1243; *see also Brown v. Presbyterian Healthcare Servs.,* 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied,* 520 U.S. 1181 (1997) (Rule 59(e) does not permit losing party to present new legal theories or facts that could have been raised earlier.)). Thus because this "new" argument was previously available, the Court should not consider Plaintiff's claim. That said, even examining the merits proves unpersuasive as an ALJ is only required to re-contact a treating physician where the evidence presented is insufficient for a determination of disability. *See* 20 C.F.R. § 404.1520b(c). In this case, the evidence sufficiently demonstrated that Plaintiff exhibited full grip strength and the ALJ was not require to re-contact Plaintiff's treating physician.

For these reasons, Plaintiff fails to establish a misapprehension of facts or clear error of law in support of her pending motion.

## II. The ALJ's Finding That Plaintiff Could Perform Past Relevant Work Is Supported By Substantial Evidence.

Next, Plaintiff argues the Court misapprehended her analysis of past relevant work and made clear errors of law. (ECF No. 26.) Again, Plaintiff raised identical arguments in her Opening Brief and the issues are not appropriately raised here. However, even examining the merits of the arguments, the ALJ reasonably relied on vocational expert testimony explaining that Plaintiff performed her past job as a package/handler in the light range of exertion, although the Dictionary of Occupational Titles ("DOT") classified it as a medium job. (Tr. 300.) Indeed, the vocational expert testified that a hypothetical individual with the same RFC as Plaintiff could perform her past job as she actually performed it. (Tr. 300-01); *See* 20 C.F.R. §404.1560(b)(2) (a vocational expert may offer relevant evidence concerning the demands of the claimant's past relevant work as actually performed, and may testify in response to a hypothetical question about whether a person with the claimant's limitations can meet the demand of the claimant's past relevant work).

Finally, Plaintiff contends that because she alleges an unexplained conflict with the DOT, the Court should look to "other sources" such as O*NET when evaluating her past relevant work. While Plaintiff did not raise this argument in her Opening Brief, it is not appropriate, under Rule 59(e), to advance new arguments or supporting facts that were previously available. *See Van Skiver,* 952 F.2d at 1243; *see Brown*, 101 F.3d at 1332. And, even though Plaintiff's newly advanced arguments are not properly raised, the merits prove unpersuasive since agency regulations identify the DOT as a source of reliable job information for determining disability claims and confirm the DOT's suitability for administrative notice. *See* 20 C.F.R. §§ 404.1566(d); 404.1569a; Social Security Ruling ("SSR") 00-4p, 2000 WL

5

1898704, at *2 ("[i]n making disability determinations, we rely primarily on the DOT (including its companion publication the [Selected Characteristics of Occupations, or SCO]) for information about the requirements of work in the national economy."). Furthermore, the agency does not recognized O*NET or the *Bureau of Labor Statistics* as authoritative sources on par with the DOT and they have not replaced the DOT for Social Security purposes.[2] As a result, the ALJ's finding that Plaintiff court perform past relevant work was supported by substantial evidence.

## CONCLUSION

In sum, the court does not find Plaintiff's arguments persuasive and Plaintiff fails to meet her burden under Rule 59(e). Accordingly, for the reasons stated, the Court DENIES Plaintiff's Motion to Alter or Amend Judgment. (ECF No. 26.)

DATED this 27th day of April, 2020.

_____
DUSTIN B. PEAD
United States Magistrate Judge

---

[22] *See Occupational Information Development Advisory Panel, Finding Report: A Review of the National Academy of Sciences Report A Databased For A Changing Economy: Review Of The Occupational Information Network (O*NET)* at 8 (June 20, 2018).